UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES J. REEM,<br><br>Plaintiff,<br><br>v.<br><br>VICKI HENNESSY, et al.,<br><br>Defendants. | Case No. 18-cv-05747-SI<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. No. 1 |

James J. Reem, an inmate at the San Francisco County Jail, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. The complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

The complaint alleges the following: Reem was arrested by the San Francisco Police Department without a warrant at 11:00 a.m. on July 28, 2017, and was not taken before a magistrate until about a hundred hours later, at 2:30 p.m. on August 1, 2017. Reem "was not given a probable cause determination hearing." Docket No. 1 at 3. The District Attorney "filed complaint past allotted time constraint." *Id.* "The SFPD held all information in case for 71 hours well past the time allotted for a neutral magistrate to review information to determine probable cause." *Id.* "The SF County Courts do not have neutral determinations hearing of probable cause for continued detention." *Id.*

The prayer for relief in the complaint requests declaratory and injunctive relief "for others suffering these violations," "adjustment and review of information in [Reem's] case," and the dismissal of the charges and his release from custody. *Id.*

In a habeas action filed by Reem to challenge the bail determination in his criminal case, he filed a copy of the reporter's transcript of the August 1, 2017, arraignment proceedings. Docket No. 1-2 at 52 in *Reem v. Hennessey*, No. 17-cv-6628 CRB. At the very outset of the proceeding, Reem's counsel waived arraignment and entered a not-guilty plea for him. *Id.* According to an order filed in that habeas action on December 12, 2018, the criminal charges are still pending against Reem.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1),(2). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

As a *pro se* litigant, Reem does not have standing to complain about violations of anyone's rights but his own. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"). He thus cannot pursue claims that other inmates have had problems with their arraignments, as he indicated a desire to do in a letter he sent to the court. Docket No. 11 at 3. This action is confined to claims about violations of Reem's legal rights and potential remedies therefor.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Requests for declaratory relief that would interfere with ongoing state criminal proceedings are subject to the same restrictions that govern requests for injunctive relief. *See Samuels v. Mackell*, 401 U.S. 66, 71–74 (1971); *Perez v. Ledesma*, 401 U.S. 82, 86 n. 2 (1971).

*Younger* requires that federal courts refrain from enjoining or otherwise interfering with ongoing state criminal proceedings where three conditions are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the plaintiff has

the opportunity to raise his federal constitutional concerns in the ongoing proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of Superior Court of State of Cal. For County of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994).

Here, all three prongs of the abstention test are met. First, the state criminal proceedings are ongoing in San Francisco County Superior Court. Second, the criminal prosecution involves important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing *Younger*, 401 U.S. at 44–45). Third, Reem can present his claims in the state trial and appellate courts. His claims that the probable cause proceedings were untimely and inadequate, and his requests for his release from custody and dismissal of the charges against him as a result of those alleged constitutional inadequacies are matters that he has an opportunity to raise in the state criminal case and/or appeal.[1] (Not only can Reem's claims be raised in state court, the state superior court is in perhaps a better position to determine the meaning of the exchange between the judge and counsel in which defense counsel waived arraignment.)

Even when the three-pronged test is satisfied, however, a party may avoid application of the abstention doctrine if he can show that he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of the state in prosecuting him, or that the state tribunal is biased against the federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975); *Younger*, 401 U.S. at 46. Here, plaintiff does not make any plausible non-conclusory allegation of irreparable harm, bad faith, harassment, or bias of the tribunal. *See generally Younger*, 401 U.S. at 46, 53–54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention). The *Younger* factors weigh strongly against interfering with

---

[1] A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). That requirement is satisfied because the relief sought by Reem – release from custody and dismissal of state criminal cases – plainly would interfere with the state criminal case in a way that *Younger* disapproves.

California's criminal justice system. *Younger* abstention is warranted. *See Juidice v. Vail*, 430 U.S. 327, 348 (1977) (where a district court finds *Younger* abstention appropriate, the court may not retain jurisdiction and should dismiss the action). The action must be dismissed.

## CONCLUSION

This action is dismissed because *Younger* abstention is warranted. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: March 15, 2019

_____
SUSAN ILLSTON
United States District Judge